# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STEVEN AARON FEEDER,

           Plaintiff,

vs.

GLOBAL INDUSTRIAL INC., et al,

           Defendants.

Case No. 2:13-cv-00860-GMN-NJK

**ORDER**

(IFP App - Dkt. #3)

Plaintiff Steven Aaron Feeder is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* (Dkt. #3), and submitted a Complaint (Dkt. #1-1). This proceeding was referred to this court by Local Rule IB 1-9.

**I.**  *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.**  **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

//

1  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

The Complaint in this case was filed on the court's form civil rights complaint, pursuant to 42 U.S.C. § 1983.  To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

Here, Plaintiff alleges a violation of section 1983 because, he claims, he was fired by the defendants for making racially insensitive jokes, making fat jokes, and sexual harassment.  Plaintiff alleges that the defendants in this case work for a private company and are not state actors. Plaintiff provides no allegation that any of the defendants either acted under color of state law or deprived him of a right protected by either the federal constitution or federal law and, indeed, he cannot do so. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Plaintiff has therefore failed to state a claim for a violation of 42 U.S.C. § 1983.
//

To the extent Plaintiff sought to bring pendent state tort claims, the court finds that jurisdiction should not be asserted over those claims. In the event that federal-law claims are dismissed before trial, pendent state law claims usually should also be dismissed without prejudice. *See, e.g.*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because the court finds that Plaintiff fails to state a claim for a violation of 42 U.S.C. § 1983, the court believes jurisdiction over any state tort claims should be declined.[1]

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have thirty (30) days from the date that this Order is entered to file his Amended Complaint, if he believes he can state a claim that would allow him to properly file a Complaint in this Court. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case.

---

[1] Federal courts are generally courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). The court further notes that Plaintiff does not invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, nor does it appear that he could given that his claim for damages is $15,000.

1 | Therefore, in an Amended Complaint, as in an original Complaint, each claim and the
2 | involvement of each defendant must be sufficiently alleged. Failure to comply with this
3 | Order will result in the recommended dismissal of this case, without prejudice.
4 | Dated: June 10, 2013.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE